FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.

★ MAR 19 2013

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY ARMSTEAD,

          Plaintiff,

-v-

NEW YORK CITY POLICE DEPARTMENT;
103RD PRECINCT OFFICERS; DEPUTY
INSPECTOR McEVOY; OFFICER SARASY;
ADAM JANGEL; LT. MINCH; LT. SEEGERS;
SGT. SHAPIRO; SGT. DEMMA; OFFICER
LODICO; OFFICER CASERTA; OFFICER
IADEVIO; OFFICER LOVETT; OFFICER
SANNA,

          Defendants.
------------------------------------------------------------x

MEMORANDUM AND ORDER
13 CV 891 (ENV) (JMA)

**VITALIANO, D.J.,**

On February 14, 2013, *pro se* plaintiff, Anthony Armstead, currently incarcerated at Coxsackie Correctional Facility, filed the instant complaint pursuant to 42 U.S.C. § 1983 alleging violations of his son's and his constitutional rights. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed, but plaintiff is granted 30 days leave to file an amended complaint.

## BACKGROUND

Although not a model of clarity, the complaint generally concerns plaintiff's dissatisfaction with the treatment that he, a father of five and resident of Queens, and his family have received from the 103rd Precinct of the New York City Police Department (NYPD). Specifically, but not exclusively, he targets the May 17, 2011 search of his home. The complaint has four sections. In the first, he complains of a May 10, 2011 incident in which his 12 year-old son was allegedly treated badly by police officers at his middle school. Plaintiff alleges that at about 12:30 p.m., he "flagged Deputy Insp. McEvoy down and I told him that two of his officers

1

was very unprofessional up at my son middle school today where one officer had my son by his collar and up off of his toes screaming [and pointing his finger] in my son face." Complaint at 3. Second, he alleges that the May 17, 2011 search of his home violated his Fourth Amendment rights against unlawful search, that Officer Jangel and Deputy Inspector McEvoy committed perjury in order to obtain the search warrant, and that Officer Sarasy made false allegations that resulted in criminal charges. *Id.* at 4. It is unclear from the complaint whether Armstead was convicted of the charges that arose from this search and arrest.[1]

The third section states that, because of his "harassment" by the 103rd Precinct, it has failed to adequately investigate the September 29, 2003 murder of four members of his family. Plaintiff alleges that the police failed to follow leads, and instead believed an incredible story of a "jail house informant" who stated that the victims were killed because Armstead "had murdered t[w]o Russians and buried them under our old home which my grandfather [a 2003 murder victim] had gave to the church next door." *Id.* at 5.

Fourth, Armstead alleges that the 103rd Precinct is now "harass[ing]" Anthony Armstead Jr., the same son that was involved in the May 10, 2001 middle school incident. Plaintiff states that his son has been arrested twice and each time the charges were dismissed. *Id.* at 6.

Plaintiff contends that his mental, physical and emotional health have seriously suffered because of the alleged violation of his rights. *Id.* He seeks damages and various other relief (*e.g.* the removal of his "picture off the bulletin board like I am wanted for unsolved crimes") and cessation of the harassment of the 103rd Precinct.

## STANDARD OF REVIEW

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551

---

[1] The Court takes judicial notice that Armstead is incarcerated in a state prison on charges of criminal sale of a controlled substance in the third degree. *See* http://nysdoccslookup.doccs.ny.gov/ (last visited February 27, 2013).

U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks and citations omitted), and interpret them "to raise the strongest arguments that they suggest." *id.* at 476 (internal quotation marks and citations omitted), the complaint, in the end, must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. In order to maintain a claim under §1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma v. Turtle*, 471 U.S. 808, 816 (1985)).

### A. Claims On Behalf of Plaintiff's Son

To the extent that Armstead seeks to raise claims on behalf of his minor son, Anthony Armstead Jr., he may not because he is a non-attorney proceeding *pro se*. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (Although 28 U.S.C. § 1654 recognizes that an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally, "[t]he statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'") (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 285 (2d Cir. 2005) (noting the "well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child."). Accordingly, to the extent plaintiff asserts claims against defendants on behalf of his son, they are dismissed without prejudice.

### B. Claim for Failure to Investigate

Plaintiff alleges that the police failed to adequately investigate the 2003 murder of some

4

members of his family because of his "harassment" by the NYPD's 103rd Precinct. Armstead does not point to any alleged constitutional violation and the Court cannot envision any from the facts alleged. There is no constitutional right to have the police solve a crime or even to investigate in a manner approved by citizens. "Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." *Yashaahla v. M.H.A.N.Y*, No. 05-CV-4963, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) (citations omitted). A private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973); *Ostrowski v. Mehltretter*, 20 F. App'x. 87 (2d Cir.2001). Accordingly, this claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A.

### C. Other Section 1983 Claims

Construing the complaint liberally as the Court must, Armstead alleges that defendants McEvoy and Jangel made intentional or recklessly false statements to obtain the warrant to search his home and that he was subsequently falsely arrested and maliciously prosecuted. The complaint, as currently stated, fails to state a claim under 42 U.S.C. § 1983 for the following reasons.

#### 1. Claims against NYPD and the 103rd Precinct

Plaintiff names NYPD and the 103rd Precinct as defendants in the caption of his complaint, but does not name them in the body of the complaint. Regardless, they are improper parties to a § 1983 action. Specifically, NYPD is a non-suable agency of the City. *Jenkins v. City of New York*, No. 06CV0182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007) (citing *Wray v. City of New York*, 340 F. Supp. 2d 291, 3030 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396

5

("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law.")). Therefore, the complaint against NYPD is dismissed for failure to state a claim upon which relief can be granted.

Similarly, the claim against the 103rd Precinct must be dismissed because a precinct, as a division of NYPD, is an organizational subdivision of the City. As such, the police precinct lacks independent legal existence and is therefore not a suable entity. *Flemming v. New York City*, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (NYPD 46th Precinct) (citing *Dove v. Fordham Univ*, 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)).

### 2. The Claims against Individual Defendants

Armstead names 12 defendants, all employed at the 103rd Precinct in Jamaica Queens: Deputy Inspector McEvoy; Lieutenants Minch and Seegers; Sergeants Shapiro and Demma and Police Officers Sarasy, Jangel, Lodico, Caserta; Iadevio, Lovett and Sanna. However, he makes allegations in his complaint against only three of them: McEvoy, Sarasy and Jangel.

Plaintiff's failure to make any allegations against the other nine individual defendants is fatal to his claims against them. First, the complaint against them fails to comply with Fed. R. Civ. P. 8. In a federal lawsuit, a plaintiff must allege facts sufficient to allow the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Bell Atlantic Corp.*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds on which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ricciuti v. New York City Transportation Auth.*, 941 F. 2d 119, 123 (2d Cir. 1991)("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know

whether there is a legal basis for recover[y]"). Here, plaintiff merely lists the defendants, he does not make any allegations against defendants Lodico, Caserta, Iadevio, Lovett, Sanna, Minch, Seegers, Shapiro or Demma. Thus, the complaint fails to comply with Fed. R. Civ. P. 8.

Moreover, Armstead has failed to allege the personal involvement of these nine defendants in the claimed constitutional violations. In order to be held liable under § 1983, each defendant must have been personally involved in the violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation omitted). "[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir.1996); *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009). Thus, the complaint fails to state a claim against any of these nine defendants and it is dismissed as to them. Three remain.

### 3. Favorable Termination Rule

To the extent plaintiff seeks to state a 42 U.S.C. § 1983 claim for damages against defendants Jangel, McEvoy and Sarasy (or any other defendants he has not connected to the allegations he has made) for the allegedly unlawful search of his home, his arrest and conviction, his claims may be barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed, expunged, invalidated, or called into question through a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. 512 U.S. at 487, n.7. It is unclear from the complaint if Armstead was convicted on the criminal charges which resulted from the May 17, 2011 search.

7

He states alternatively that defendants Jangel "cause[d] me to be sentence[d] to 6 years in prison because of their arrest without probable cause to even get a search warrant," Complaint at 3, and that a Nassau County sentence was influenced "without even being convicted for this Queens Supreme Court case." *Id.* at 4. The complaint does not state what, if anything, he was charged or the result of any related criminal prosecution. If plaintiff was not convicted, or if he has successfully challenged his allegedly unconstitutional conviction or otherwise can show it to have been invalidated, he should so inform the Court. What Armstead has submitted until now does not satisfy his pleading obligations.

## LEAVE TO AMEND

Despite the fact that the complaint fails to state a claim on which relief may be granted, in light of plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000), plaintiff is afforded 30 days to amend his complaint in order to set forth a claim against proper defendant(s) under § 1983. *See* Fed R. Civ. P. 15(a); *see e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [pro se] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez*, 171 F.3d at 795).

## CONCLUSION

Accordingly, the complaint against NYPD and the 103rd Precinct, Lieutenants Minch and Seegers; Sergeants Shapiro and Demma and Police Officers Lodico, Caserta; Iadevio, Lovett and Sanna is dismissed for failure to state a claim on which relief may be granted. Any claims on behalf of plaintiff's son are dismissed without prejudice. Plaintiff's claim regarding the 103rd Precinct's alleged failure to investigate a crime is also dismissed.

Plaintiff shall be afforded 30 days leave from the date this Order is entered on the docket to file an amended complaint to set forth any claim he may have against the remaining

defendants that has not been foreclosed by this Order. The amended complaint must provide facts giving rise to his 42 U.S.C. § 1983 claim against defendant(s) (*e.g.* it must link the conduct of each defendant named specifically to facts supporting a violation of plaintiff's constitutional rights) and provide information of the status of any criminal charges arising from the May 17, 2011 search of his home.

The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint he filed. No summons shall issue at this time and all further proceedings are stayed until plaintiff complies with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim on which relief may be granted and judgment will enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2013

ERIC N. VITALIANO