UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY ARMSTEAD,

                Plaintiff,

        -v-

THE CITY OF NEW YORK; POLICE
OFFICER ADAM JANGEL, Shield
#14094 of the New York City,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
13 CV 891 (ENV) (JMA)

**VITALIANO, D.J.,**

On February 14, 2013, plaintiff, Anthony Armstead, who is incarcerated, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983 alleging violations of his son's and his constitutional rights. By Order dated March 17, 2013, the complaint against Lieutenants Minch and Seegers; Sergeants Shapiro and Demma and Police Officers Lodico, Caserta, Iadevio, Lovett, and Sanna was dismissed for failure to state a claim on which relief may be granted. The claims against the New York City Police Department and the 103rd Precinct were dismissed because they are not suable entities under the New York City Charter. In addition, the claims made on behalf of plaintiff's son were dismissed without prejudice to the right of the son to make such claims on his own. The claims remaining against the City of New York and Officers Jangel and Sarasy and Deputy Inspector McEvoy were dismissed with leave to replead. On April 19, 2013, Armstead submitted an Amended Complaint which completely replaces the original filing. The Amended Complaint names only the two remaining defendants, Police Officer Adam Jangel and the City of New York. For the reasons set forth below, the Amended Complaint is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

## Discussion

### A. City of New York

Plaintiff's Amended Complaint against the City of New York must be dismissed. A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The doctrine of *respondeat superior* cannot be used to establish municipal liability. *Connick v. Thompson*, —— U.S. ——, ——, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011); *Cash v. County of Erie*, 654 F.3d 324, 333–34 (2d Cir. 2011); *Dzugas–Smith v. Southhold Union Free School Dist.*, No. 08 CV 1319, 2012 WL 1655540, at *20 (E.D.N.Y. May 9, 2012). Here, plaintiff does not allege, and nothing in his Amended Complaint suggests, that any of the allegedly wrongful acts or omissions on the part of

2

any City employee are attributable to a municipal policy or custom. Thus, plaintiff has not made a showing, in his pleadings, sufficient to impose *Monell* liability on the City of New York.

### B. Officer Jangel

Although plaintiff complied with the Court's direction to provide facts giving rise to his 42 U.S.C. § 1983 claim against defendants—that is, it must link the conduct of each defendant named to facts said to support a violation of plaintiff's constitutional rights—in his Amended Complaint, Armstead's 42 U.S.C. § 1983 claim for damages against defendant Jangel for the allegedly unlawful search of his home, his arrest and/or his prosecution is barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a section 1983 action seeking money damages is not cognizable if a favorable decision would "necessarily imply the invalidity of [a] conviction or sentence" unless such a sentence has previously been invalidated). In *Heck,* the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254; 512 U.S. at 486-87.

Plaintiff states that he pleaded guilty to a misdemeanor charge which arose from the allegedly unconstitutional May 12, 2011 search and May 17, 2011 arrest and prosecution under indictment number: QN10261/2011. (Amend. Compl. at 8).[1] Plaintiff has not successfully challenged his allegedly invalid conviction; it remains on appeal in state court. *Id.* Thus, his claim for damages against the arresting officer is barred by *Heck*, since a favorable decision would necessarily imply the invalidity of his state court criminal conviction. The claim is

---

[1] The Court refers to the page numbers assigned to the Amended Complaint by the Court's electronic filing system.

3

dismissed without prejudice.[2] 28 U.S.C. § 1915A.

## Conclusion

Accordingly, this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
April 30, 2013

s/ ENV
ERIC N. VITALIANO
United States District Judge

---

[2] Before bringing an action for damages, such as plaintiff is doing here, he must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus proceeding. *See Heck*, 512 U.S. at 486-87; *see also Amaker v. Weiner*, 179 F.3d 48 (2d Cir.1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).